# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3476 | **DATE** | 10/31/2003 |
| **CASE TITLE** | Linda Mort vs. U.S. Department of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   This matter is before the court on defendant United States Department of Education's motion to dismiss or for summary judgment. For the reasons stated on the attached memorandum opinion, we affirm the prior ruling of the Secretary of the Department of Education and grant the defendant's motion to dismiss. Enter Memorandum Opinion. Terminating case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 25 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | MW courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINDA MORT,                              )
                                         )
             Plaintiff,                  )
                                         )
      v.                                 )    No. 02 C 3476
                                         )
UNITED STATES DEPARTMENT OF              )
EDUCATION,                               )    DOCKETED
                                         )
             Defendant.                  )    NOV 0 3 2003

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant United States Department of Education's ("USDE") motion to dismiss or for summary judgment. For the reasons stated below we affirm the prior ruling of the Secretary of the Department of Education and grant the motion to dismiss.

## BACKGROUND

In 1990 Plaintiff Linda Mort ("Mort") obtained a school loan through the Federal Family Education Loan ("FFEL") Program, 20 U.S.C. § 1071 *et seq.* Mort used the loan to pay for courses at Catherine College, a travel agent school that is now closed. Mort graduated from Catherine College in the fall of 1990. Mort claims that Catherine College did not properly train her as a travel agent and she was unable to get a job after graduation. She also claims that junior colleges would not give her credits for her course work at Catherine College. After graduation Mort applied to her guaranty agency, United Student Aid Funds, Inc. ("USAF")

1

25

for a discharge of her loan. She argued that Catherine College falsely certified her ability to benefit from the travel agent program. She claimed that she was entitled to a "false certification" discharge because she received her general education diploma ("GED") after she graduated from Catherine College and because she was never given a placement test by Catherine College and she never participated in a remedial program at the school. USAF denied the discharge request and Mort pursued an administrative appeal with the Secretary of the Department of Education ("Secretary"). The Secretary also denied Mort's discharge request and Mort filed a complaint *pro se* with this court seeking review of the Secretary's decision.

## LEGAL STANDARD

A person that suffers a "legal wrong because of agency action, or [is] adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof . . . ." 5 U.S.C. § 702. A reviewing court should apply a deferential standard and "hold unlawful and set aside agency action, findings, and conclusions" only if they are found to be " arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2)(A); *Ghaly v. I.N.S.*, 48 F.3d 1426, 1430-31 (7th Cir. 1995).

## DISCUSSION

Mort argues that her loan should be discharged because Catherine College falsely certified her eligibility for a loan. Mort asks this court to review the Secretary's denial of her discharge request. The Secretary shall "discharge the borrower's liability on [a] loan" if a "student's eligibility to borrow . . . was falsely certified by the eligible institution . . . ." 20 U.S.C. § 1087(c). A student's eligibility to borrow is falsely certified by a school if the school

2

"[c]ertified the student's eligibility for a FFEL Program loan on the basis of *ability to benefit* from its training and the student did not meet the applicable requirements described in 34 CFR Part 668 and section 484(d) of the Act, as applicable *and as described in paragraph (e)(13) of this section* . . . ." 34 C.F.R. § 682.402(e)(1)(i)(emphasis added). *See also Jordan v. Secretary of Educ.*, 194 F.3d 169, 170 (D.C. Cir. 1999)(explaining that Congress introduced the false certification discharge provision in 1992 in response to a growing number of incidents involving vocational schools that falsely certified students' ability to benefit and gave them worthless training).

A student that is enrolled beginning between July 1, 1987, and June 30, 1991, who receives a GED "before the *scheduled completion* of the program of instruction is deemed to have the *ability to benefit* from the training offered by the school." 34 C.F.R. § 682.402(e)(13)(i)(emphasis added). A student may also be determined to have an ability to benefit from a school's training if the student achieves a passing grade on certain placement tests approved by the Secretary or if the student successfully completes a remedial program at the school. 34 C.F.R. § 682.402(e)(13)(ii).

In this case Mort claims that she did not complete a remedial program at Catherine College and that she did not take an ability to benefit placement test. The USDE admits that Mort's records which were obtained from the State of Illinois did not contain any record of an ability to benefit placement test. The USDE argues, however, that the absence of a record of the test does not prove that the test was not administered. The USDE argues that Mort bears the burden of proving such matters, but it would be an impossible standard for Mort if she were to be required to prove the non-existence of a placement test document. Mort claims that she did not take such a test and she claims that she did not complete a remedial program and there is no evidence to the contrary. Therefore, we will accept Mort's allegations in regards to these issues

as true.

Mort also argues that she is entitled to a discharge because she received her GED after she graduated from Catherine College. Mort Contends that she completed her program at Catherine College and graduated on November 24, 1990, and that she did not receive her GED until two weeks later. The USDE points to the evidence contained in the administrative record. The record contains an official transcript from Catherine College which specifies that Mort's period of enrollment was from "10-24-89 to 1-11-91." The transcript was also attached to Mort's complaint as an exhibit. The administrative record also includes a form entitled "withdrawal/exit interview" which list 1-11-91 as Mort's last date of attendance. This form was also attached as an exhibit to Mort's complaint. The USDE argues that the Secretary's decision was correct because Mort was not scheduled to complete her program until January of 1991, after she received her GED.

Mort has introduced two new documents along with her answer to the motion to dismiss. The first form is a loan form (P's exhibit G) that lists 11-24-90 as her "anticipated graduation date." The second form is entitled "Student Authorization" (P's exhibit I) that states that Mort authorized Catherine College to credit her account for the payment of tuition and fees from 10-24-90 to 11-24-90. The USDE argues that we cannot consider the new documents presented by Mort because we must review the Secretary's determination based on what is contained in the administrative record. We agree. Mort should have submitted the new documents to the Secretary and in any event they do not alter the fact that Mort was scheduled to complete the program on 1-11-91. The school transcript, which contains all of Mort's final grades, recognizes that Mort would graduate in November of 1990, but also specifies that Mort's last date of appearance would be 1-11-91. Thus, it appears that Mort was originally scheduled to complete her program in January 1991, but she ended up graduating earlier in November of 1990.

We also note that even if we were to find that Mort was scheduled to complete her program two weeks before receiving her GED we find that such a period is negligible and it would not be justifiable to discharge her loan based on such a minimal period. Common sense tells us that Mort did not attend Catherine College for twelve months and then suddenly acquire the ability to benefit from its program within a two week span after graduating.

The USDE also seeks to dismiss Mort's claims to the extent that they seek a discharge for grounds that are outside the statutory and regulatory provisions relating to the FFEL Program. The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A *pro se* plaintiff is entitled to a more liberal pleading standard than the standard that is applied to lawyers. *Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999). Mort complains that Catherine College made misrepresentations to her about its program. She also complains that Catherine College did not educate her properly and her diploma has not helped her to get a job. Mort complains that Catherine College rushed her through financial loan documents without counseling her about them. In addition Mort complains that her school transcript does not reflect the actual number of class hours in her program and that other schools would not give her credits for her course work at Catherine College. However, none of the above complaints can be a basis for a false certification discharge. While it is possible that some of the allegations may possibly state a claim against Catherine College, they do not state a legally cognizable claim against the Secretary.

## CONCLUSION

Therefore, based on the foregoing analysis we affirm the Secretary's findings in this case and grant the USDE's motion to dismiss with prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: OCT. 31, 2003